JAMES W. THOMPSON III v. GERALD C. WRENN AND WIFE, SANDRA W. WRENN

No. 823SC256

(Filed 5 April 1983)

**Mortgages and Deeds of Trust § 25— foreclosure of deed of trust—sufficiency of evidence**

> The trial court properly affirmed an order of the clerk permitting plaintiff to foreclose under a deed of trust where the evidence was sufficient to support findings by the clerk of a valid debt of which plaintiff was the holder, default, a right to foreclose under the instrument, and notice.

APPEAL by defendants from *Reid, Judge.* Judgment entered 23 October 1981 in Superior Court, CARTERET County. Heard in the Court of Appeals 19 January 1983.

This action is an appeal from a judgment affirming an order of the Clerk of Superior Court of Carteret County to allow plaintiff to foreclose under a deed of trust. Plaintiff, the trustee, presented the following evidence. The purchase money deed of trust was executed by defendants, naming Joseph O. Jenkins, and his wife, as beneficiaries. In November 1980, Jenkins told plaintiff that defendants were in default and he should institute foreclosure proceedings. Plaintiff did so after sending defendants a letter demanding payment. The note was for the principal amount of $80,000.00, calling for annual payments of $8,156.56 due on 9 June of each year. Jenkins' executor testified that both Jenkins and his wife had died, and he found a receipt in Jenkins' records which said that Jenkins had received $3,000.00 from Wrenn on 6 July 1980, and the balance due on the 9 June 1980 payment was $5,156.56. Defendant had not made any payments to the executor. The hearing was held on 26 February 1981, and the Clerk of Superior Court entered an order allowing foreclosure on 6 March 1981.

Defendants did not present any evidence. Their motion for dismissal pursuant to G.S. 1A-1, Rule 41(b) was denied.

The trial judge made the following findings of fact.

1. On June 9, 1978, the defendants executed a promissory note secured by a deed of trust to the plaintiff as trustee of JOSEPH O. JENKINS and wife, ELIZABETH C.

JENKINS, evidencing the balance of the purchase price of property described in the deed of trust. This deed of trust is recorded in Book 419, page 135, Carteret County Registry. The original amount of the debt was for $80,000.00 and was to be repaid with interest at 8% per annum in equal annual installments of $8,156.56 to be applied towards interest and principal until fully paid. Payments were to be made on June 9 of each calendar year beginning June 9, 1979. The note and deed of trust still subsist and are valid evidence of an existing debt of which the party seeking to foreclose is the holder.

2. The deed of trust contains a valid power of sale.

3. JOSEPH O. JENKINS is now dead. He survived his wife, ELIZABETH C. JENKINS. RUFUS H. GOWER, JR. is the duly appointed qualified and acting Executor of the Estate of JOSEPH O. JENKINS. The Executor has continued the proceeding since the death of MR. JENKINS.

4. Notice of this proceeding was properly and timely served upon the defendants.

5. During 1980, defendants paid on the debt the amount of $3,000.00 on July 6, 1980, leaving a balance due on the annual payment of $5,156.56. Defendants have paid no sum or amount in 1981.

6. Prior to his demise, JOSEPH O. JENKINS instructed the trustee under the deed of trust, the plaintiff herein, to begin foreclosure of the deed of trust because of the default of defendants.

7. Due demand for payment was made of the defendants.

8. On December 9, 1980, due notice of this proceeding was served upon the defendants giving notice of a hearing to be held before the Clerk. The hearing was continued and another notice of a rescheduled hearing to be held before the Clerk on January 29, 1981, at 2:00 p.m. was mailed to the defendants on January 6, 1981. Thereafter, the matter was continued to February 26, 1981, and notice of this rescheduled hearing was given on January 28, 1981. Hearing was had before the Clerk on February 26, 1981, and the Clerk entered

an Order of Foreclosure on March 6, 1981. From this Order, the defendants appealed.

Upon these findings, the Court makes the following:

### CONCLUSIONS OF LAW

1. There is a valid debt owed by defendants to the Estate of J. O. JENKINS, deceased, which the Executor of the Estate is seeking to foreclose.

2. There has been a default in the payment of the debt.

3. There is a right to foreclose under the deed of trust securing the debt.

4. The defendants are the proper parties to receive notice of these proceedings, and they have received timely and proper notice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff be and he is hereby authorized to proceed with sale under the powers of sale contained in the deed of trust and in accordance with the provisions from notice and sale contained in Article 45 of the General Statutes.

*Nelson W. Taylor III, for plaintiff appellee.*

*Barker, Kafer and Mills, by Bill Barker and James C. Mills, for defendant appellants.*

VAUGHN, Chief Judge.

Defendants' sole argument is that the trial judge erred in denying their motion to dismiss pursuant to G.S. 1A-1, Rule 41(b).

After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

G.S. 1A-1, Rule 41(b). The judge may, as trier of facts, weigh the evidence, find the facts against plaintiff, and sustain defendant's motion even though plaintiff has made a prima facie case. *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973).

In this case, however, plaintiff's evidence established all the following requisite facts under G.S. 45-21.16(d). There was evidence for the Clerk to find the existence of a valid debt of which plaintiff was the holder; default; a right to foreclose under the instrument; and notice. Defendants presented no evidence. The trial judge found the above facts, and defendant failed to take exception to any of the findings. Since these facts are sufficient to support the trial judge's conclusion of law, defendants' motion to dismiss was properly denied, and their assignment of error is overruled.

For the reason stated, the trial court's judgment is

Affirmed.

Judges WELLS and BRASWELL concur.